Matter of Saldana (2023 NY Slip Op 04179)

Matter of Saldana

2023 NY Slip Op 04179

Decided on August 03, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 03, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Presiding Justice
David Friedman Peter H. Moulton Manuel Mendez Bahaati E. Pitt-Burke
Justices.

Motion No. 2023-02079 Case No. 2023-02205 

[*1]In the Matter of Lanhi H. Saldana, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lanhi H. Saldana (OCA Atty. Reg. No. 4854238), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Lanhi H. Saldana, was admitted, as Lanhi Huynh Saldana, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 26, 2010.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Louis J. Bara, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Lanhi H. Saldana, pro se, was admitted, as Lanhi Huynh Saldana, to the practice of law in the State of New York by the First Judicial Department on July 26, 2010. Respondent does not have a business address in New York. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Atty Disciplinary Matters [22 NYCRR] 1240.7[a][2]). Respondent was admitted to practice in New Jersey on November 17, 2009. Respondent was also admitted to practice in the Commonwealth of Pennsylvania in 2016.
In or about 2021 and 2022, the State of New Jersey commenced investigations into respondent for knowing misappropriation of client funds and recordkeeping violations. On or about December 1, 2022, respondent, represented by counsel, filed a Consent to Disbarment with the New Jersey Office of Attorney Ethics. On or about December 29, 2022, the Supreme Court of New Jersey issued its order, inter alia,disbarring respondent from the practice of law by consent, effective immediately, struck her name from the rolls and permanently restrained and enjoined her from practicing law in that state. On May 3, 2023, with an effective date of June 2, 2023, respondent was disbarred from the practice of law in Pennsylvania by imposition of reciprocal discipline based on her disbarment in the State of New Jersey.
The Attorney Grievance Committee (the AGC) seeks an order, pursuant to the doctrine of reciprocal discipline as set forth in Judiciary Law § 90(2) and 22 NYCRR 1240.13, disbarring respondent from the practice of law, predicated upon similar discipline imposed by the Supreme Court of New Jersey, or in the alternative, sanctioning respondent as this Court deems appropriate. Respondent wishes to tender her resignation and consents to disbarment.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, a respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (22 NYCRR 1240.13 [b]; see Matter of Milara, 194 AD3d 108, 110 [1st Dept. 2021]). No such defense applies here. In her New Jersey Consent to Disbarment, respondent fully admitted to the misconduct [*2]at issue, consented to the discipline imposed, and acknowledged that the admissions could be used in disciplinary proceedings in other jurisdictions. Her consent was given freely and voluntarily, following consultation with counsel, without coercion or duress, and with full knowledge of the implications of consenting to disbarment.
The conduct to which respondent admitted constitutes violations of parallel provisions of the New York Rules of Professional Conduct (22 NYCRR 1200), namely rule 8.4(c)(conduct involving dishonesty, fraud, deceit, or misrepresentation), for knowingly misappropriating client funds, and rules 1.15(d)(1)(i),(ii), and 1.15(d)(2), for failing to keep required bookkeeping records.
Further, in reciprocal disciplinary matters, "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; see Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and "[o]nly in rare instances will this Court depart from its general rule" (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]). Moreover, disbarment is in accord with this Court's precedent under similar circumstances (see Matter of Desir, 163 AD3d 52, 53-54 [1st Dept 2018]).
Accordingly, the AGC's motion should be granted to the extent of imposing reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, and respondent is disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of New Jersey, is granted, and respondent Lanhi H. Saldana, admitted as Lanhi Huynh Saldana, is disbarred and her name stricken from the roll of attorneys in the State of New York, effective immediately, and until further order of this Court, and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Lanhi H. Saldana, admitted as Lanhi Huynh Saldana, is: (1) commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding herself out in any way as an attorney and counselor-at-law; (2) forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; and (3) forbidden to give another an opinion as to the law or its application or advice in relation thereto, and
It is further Ordered that respondent Lanhi H. Saldana, admitted as Lanhi Huynh Saldana, is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if [*3]respondent Lanhi H. Saldana, admitted as Lanhi Huynh Saldana, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: August 3, 2023